**317 P.2d 565**

**James A. SCOTT, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent.**

**No. 6382.**

Supreme Court of Arizona.

Nov. 5, 1957.

H. S. McCluskey, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent, Industrial Commission, Donald J. Morgan, Robert K. Park and James D. Lester, Phoenix, of counsel.

UDALL, Chief Justice.

Certiorari to review an award of the Industrial Commission of Arizona. The matter is here for the second time. In the first instance the Commission rested its award upon the basis of the injured man having suffered a scheduled injury. We reversed (May 8, 1956), Scott v. Industrial Commission, 80 Ariz. 280, 296 P.2d 954, holding that as a matter of law the evidence disclosed it was a nonscheduled or "odd lot" injury and must be compensated as such under A.R.S. § 23–1044(C) and (D). The date, nature and extent of petitioner's injury are set forth in the first

opinion. Admittedly it is a compensable claim.

After receipt of our mandate the Commission held another hearing and made an award on November 23, 1956, based upon the "odd lot" provision of the statute. It is recited therein that petitioner had been paid compensation to date in the amount of $8,523.82. The injured man had earned only $465.88 from August 30, 1955 to July 24, 1956.

Petitioner now seeks a review of this last award. Specifically, the following findings and paragraph 3 of the Award are challenged as not being sustained by any competent evidence, viz.:

"7. That the physical condition of said applicant became stationary on March 2, 1955, and is now stationary.
* * * * * *

"9. That applicant, with his residual disability, is fully capable of engaging in some remunerative and gainful work or employment; that he is fitted and able, by reason of his prior education, training and experience and physically capable, in spite of the said residual disability, arising from said accidental injury, to perform such work or labor as a guard or watchman, light maintenance man or janitor, chauffeur or driver, or light work in a cabinet shop; and could perform such duties or hold such employments if same were available and/or he would diligently apply for such types of employment, or employment of a similar nature; that applicant has an earning ability in one or more of such types of employment of a substantial character, and of some considerable value to employers who may have such positions available; that such earning ability is of a value of not less than $200.00 per month, and this Commission so finds.

"10. That said applicant has suffered a 50.84% loss of earning capacity and is entitled to the sum of $113.74 monthly until further order of the Commission * * *."

Paragraph 3 of the Award allows compensation in the sum of $113.74 per month, based on the above findings.

In making its award as to a 50.84% loss of earning capacity the Commission recited that it had taken into consideration petitioner's age (60 years); his average monthly wage of $406.80 prior to injury; the general physical functional disability (no percentage fixed); as well as all of the other factors enumerated in the statute. Basically, the error complained of is the claimed unrealistic conclusion arrived at by the Commission in making its award "that petitioner has a present and future earning capacity of not less than $200.00 per month * * *."

We deem it unnecessary to recite petitioner's efforts to obtain and retain employ-

ment. Suffice it to say that after having carefully examined the entire record we are convinced there is no competent evidence to sustain the Commission's finding as to the injured man's capacity to now and in the future earn $200 per month.

This is a companion case to Timmons v. Industrial Commission, 83 Ariz. ——, 316 P.2d 935. The basic facts in the two cases are strikingly similar and the legal principles enunciated in the Timmons case are, we feel, equally controlling here. Due to a lack of competent evidence to sustain the award and upon the authority of the Timmons case, the Award is set aside.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.